UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(SAN ANTONIO DIVISION)

| | | |
|---|---|---|
| WILLIAM G. HENDRIX,<br><br>Plaintiff<br><br>VS.<br><br>METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS<br><br>Defendant | § § § § § § § § § § § § § | Civil Action No. 16-1296<br><br>(Formerly 198rd Judicial District, Bandera County District Court, Texas Case No. CVDV-16-0000431) |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS'S NOTICE OF REMOVAL

COMES NOW Defendant Metropolitan Lloyds Insurance Company of Texas and hereby removes Case No. CVDV-16-0000431 from the District Court of the 198th Judicial District, Bandera County, Texas, to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. §§1332(a), 1441, and 1446, and as grounds for its removal states as follows:

### Introduction

1. This removal is based on diversity jurisdiction, Plaintiff William Hendrix has sued Defendant Metropolitan Lloyds Insurance Company of Texas relating to Plaintiff's rights to recover uninsured/underinsured motorist benefits resulting from an accident that occurred on April 11, 2015.

2. On November 22, 2016, Plaintiff William Hendrix filed his Original Petition and Request for Disclosure to Defendants in Bandera County, Texas, 198rd Judicial District, styled William Hendrix v. Metropolitan Lloyds Insurance Company of Texas, Case No. CVDV-16-

0000431.  A true and correct copy of the said Original Petition and Request for Disclosure to Defendant is attached hereto as **Exhibit A**.

      3.       As Metropolitan Lloyds Insurance Company of Texas is the only Defendant, consent to remove the action from the District Court of the 198th Judicial District, Bandera County, Texas, to United States District Court for the Western District of Texas is not required.

      4.       Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon Defendant are attached hereto including the citation (attached as **Exhibit B**), the Original Petition and Request for Disclosure to Defendant described in paragraph A above (attached as **Exhibit A)**, the Verified Plea In Abatement and Original Answer filed December 22, 2016 in the District Court of the 198th Judicial District, Bandera County, Texas (attached as **Exhibit C)**.

## Facts

      5.       The Original Petition purports to assert several causes of action, but all of the purported causes of action arise from a car accident that occurred on or about April 11, 2015 in which Plaintiff was involved in a collision with John N. Novak, Jr. See Exhibit A, Plaintiff's Original Petition, Section V.  Plaintiff was traveling in the 600 block of Main Street in Bandera, Bandera County, Texas when Mr. Novak rear ended him at the intersection of Main and Pecan Street.  *Id.*  Plaintiff asserts that Mr. Novak was uninsured/under insured.  *Id.*

      6.       The Original Petition purports to assert that the Defendant breached its contract with Plaintiff and failed to provide contractual benefits in a timely manner.  See Exhibit A, Plaintiff's Original Petition and Request for Disclosure, Paragraph IX.  Plaintiff asserts that Defendant owed Plaintiff a duty to act reasonably in evaluating, investigating and settling his claim and that Defendant negligently breached this duty.  *Id.* at Paragraph X.  Plaintiff asserts

that Defendant owed Plaintiff a duty of good faith and fair dealing and that Defendant breached that duty for denying and/or delaying payment of uninsured/underinsured motorist benefits. *Id.* at Paragraph XI. Plaintiff asserts that Defendant is guilty of false, misleading and/or deceptive acts and practices prohibited by the Deceptive Trade Practices Act. *Id.* at Paragraph XII. Plaintiff asserts that Defendant is guilty of unfair insurance practices in violation of the Texas Insurance Code and the statutes, board rules, regulations, and rules incorporated by and/or referenced by provisions of the Code. *Id.* at Paragraph XIII. Plaintiff also is seeking declaratory judgment regarding the rights, responsibilities and obligations under the contract. *Id.* at Paragraph XIV.

7. The Original Petition and Request for Disclosure to Defendants does not contain any specific jurisdiction language, other than to say that the claim is within the jurisdictional limits of the court.

### Argument

8. Plaintiff is now, and was at the time of removal, and at the time of the filing of the lawsuit, a citizen of Texas.

9. In contrast, Defendant Metropolitan Lloyds is now, and was at the time of removal, and at the time of the filing of the lawsuit, an unincorporated association of underwriters which have associated together for the purposes of engaging in the business of insurance as permitted under Chapter 941 of the Texas Insurance Code, as amended. Metropolitan Lloyds is not a partnership, joint stock company, or a quasi-corporation. Metropolitan Lloyds is comprised of twelve (12) underwriters, all of whom reside in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations. Metropolitan Lloyds is administratively headquartered in the

City of Warwick, Kent County, State of Rhode Island and Providence Plantations. For the purposes of ascertaining whether federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members. *Royal Insurance Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882(5th Cir. 1993).

10. Removal is proper because this lawsuit involves a controversy between citizens of a different state. Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of this lawsuit, a citizen of Texas. See Plaintiff's Original Petition and Request for Disclosure to Defendants, Paragraph I. In contrast, Defendant is now, and was at the time of the filing of this lawsuit, an unincorporated association of underwriters whose members resides in, and are citizens of, the Commonwealth of Massachusetts, the State of Illinois, or the State of Rhode Island and Providence Plantations. *Royal Insurance Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 822 (5th Cir. 1993). ("Royal is an unincorporated association that sells insurance under a so-called 'Lloyd's plan." For purposes of ascertaining whether the federal courts have diversity jurisdiction, an incorporated association is considered to have the citizenship of its members."). Thus diversity citizenship exists between the parties.

11. Additionally, the amount in controversy is over $75,000.00. Plaintiff specifically pled "damages exceed $100,000." See Plaintiff's Original Petition and Request for Disclosure to Defendant, Paragraph III.

12. Accordingly, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1332(a) and 1446 because there is a complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The amount in controversy is determined from the complaint itself. *Wright v. Spindletop Films, LLC,* 845 F. Supp. 2d 783, 787 (S.D. Texas 2012).

13.     This Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Texas (San Antonio Division) is in the federal judicial district embracing the District Court of the 198th Judicial District, Bandera County, Texas, where the civil action to be removed hereby was originally filed and was still pending on the date hereof.

14.     On December 1, 2016, Defendant first received a copy of Plaintiff's Original Petition and Request for Disclosure to Defendant, included in Exhibit A, the initial pleading setting forth the claim for relief upon which this action is based and of the citation (summons). This removal was filed within 30 days of service. This action has been on file for less than a year. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. §1446(b)(2)(A).

15.     A copy of this Notice of Removal will be contemporaneously filed with the Clerk of Court in Bandera County, Texas, 198th Judicial District and served upon counsel for all parties pursuant to 28 U.S.C. § 1446(d).

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Western District of Texas, San Antonio Division, embraces Bandera County, Texas, where the state court action was filed and is currently pending.

17.     Defendant has demanded a jury in the state court action.

18.     Attached to this Notice of Removal as Exhibit A though are the following documents required by 28 U.S.C. § 1446(a). These documents are hereby incorporated herein by reference:

   **Exhibit A:**   Plaintiff's Original Petition and Request for Disclosure to Defendant
   **Exhibit B:**   Citation (summons)
   **Exhibit C:**   Defendant's Verified Plea in Abatement and Original Answer

**Exhibit D:** Civil Cover Sheet

## Conclusion

By this Notice of Removal, Defendant does not waive any objection Defendant may have as to service, jurisdiction, or venue, or any other defenses or objections any of them may have in this action. Further, Defendant does not intend any admission of fact, law or liability by this notice, and expressly reserve all rights, defenses, motions, and/or pleas.

Respectfully submitted,

HAWKINS PARNELL THACKSTON & YOUNG LLP

By: _____
AMY WELBORN
Texas State Bar No. 24012853
1717 W. 6th St., Suite 250
Austin, TX 78703
Telephone: (512) 687-6914
Facsimile: (512) 687-6990
awelborn@hptylaw.com

**COUNSEL FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent by electronic filing to counsel of record, in accordance with the Texas Rules of Civil Procedure on this the 22nd day of December, 2016.

W. Burl Brock
burlb@brockandbrock.com
BROCK & BROCK, P.C.
803 East Mistletoe
San Antonio, Texas 78212