# EXHIBIT B

Electronically Filed
11/22/2016 [illegible]
Tammy Kneuper, District Clerk
Bandera County, TX
/s/ Sandra Sector

DEFENDANT'S COPY

No. CVDV-16-0000431

| | | |
|---|---|---|
| WILLIAM G. HENDRIX | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 198th JUDICIAL DISTRICT |
| | § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS | § | BANDERA COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES WILLIAM G. HENDRIX, hereinafter called Plaintiff, complaining of and about METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, hereinafter called Defendant, and for cause of action, would show unto the Court the following.

I.

Plaintiff, WILLIAM G. HENDRIX resides in Bandera, Bandera County, Texas. Plaintiff's Texas driver's license number is 05944888 and Plaintiff's social security number is xxx-xx-1457.

Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS is an insurance company authorized by statute to sell insurance within the State of Texas, and having a license and permit to do so. Service of process may be had by serving citation upon its registered agent for service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

II.

This cause of action arose in Bandera, Bandera County, Texas; therefore, venue is proper in Bandera County, Texas pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002, 15.015 and 15.0151.

III.

The amount in controversy far exceeds the minimal jurisdictional limits of this court and damages exceed $100,000.00.

IV.

Pursuant to T.R.C.P. 190.4, this party intends to conduct discovery in compliance with Level 3, and respectfully requests this Court enter a docket control order in this matter.

V.

### NEGLIGENCE OF UM/UIM DRIVER

On or about April 11, 2015, Plaintiff was involved in a collision with John N. Novak, Jr. At the time of the occurrence, John N. Novak, Jr., was an uninsured/underinsured driver as that term is defined under the policy of insurance issued to Plaintiff by Defendant. Such policy of insurance was in full force and effect at the time of the occurrence in question.

On the date and time of the occurrence, Plaintiff was traveling in the 600 block of Main Street in Bandera, Bandera County, Texas, when John N. Novak, Jr. suddenly and without warning, failed to stop for traffic and rear-ended Plaintiff at the intersection of Main Street and Pecan Street.

On the date and time of the occurrence, John N. Novak, Jr., was negligent in the operation, maintenance and/or use of his motor vehicle in one or more of the following respects:

1. In failing to maintain a proper lookout as an ordinary, prudent person would have done under the same or similar circumstances;
2. In failing to observe appropriate traffic signals and/or traffic signage;
3. In failing to operate said vehicle in a safe manner as an ordinary, prudent person would have done under the same or similar circumstances;
4. In failing to maintain an assured clear distance;
5. In taking faulty evasive action;

-2-

6. In failing to avoid the collision;

7. In traveling at an excessive rate of speed for the conditions then existing;

8. In failing to apply sufficient and timely force to the brakes to avoid the collision;

9. In failing to turn the vehicle to the left or right in order to avoid the collision;

10. In failing to maintain reasonable control of the vehicle;

11. In failing to observe those applicable terms and provisions of the Texas Driver's Handbook; and

12. In failing to observe those applicable sections of the Texas Transportation Code governing the operation of said vehicle, including but not limited to certain sections 545.001-545.256 thereof, which failure constitutes negligence and negligence per se.

Plaintiff in no way contributed to cause the occurrence in question. On the contrary, the occurrence in question was proximately caused by the failure of John N. Novak, Jr., to exercise ordinary care on the occasion in question and by his violation of common law, statutes and codes of the State of Texas. Such actions of both omission and/or commission were and are a producing and/or proximate cause of Plaintiff's resulting injuries and damages as more fully set forth below.

VI.

At the time of the collision made the basis of this lawsuit, Plaintiff was protected against loss caused by bodily injury and property damage, resulting from the ownership, maintenance or use of an uninsured/underinsured vehicle by a policy of insurance issued by METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS under policy number 392273673-0. The underinsured motorist coverage mentioned above provided for bodily injury coverage, for which premiums had been paid to the Defendant.

-3-

## VII.

## ACTUAL PERSONAL INJURY DAMAGES

Upon the trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of the negligence described above. Plaintiff will request the Court and the Jury to determine the amount of loss that Plaintiff has incurred in the past and that he will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Plaintiff is entitled to have the Jury in this case seperately consider certain elements of damage provided by law and to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for his injuries, damages and losses incurred and to be incurred. Elements of damages from the date of the collision in question until the time of trial of this case and in the future beyond the time of trial, are as follows:

a. Reasonable and necessary medical expenses incurred in the treatment of Plaintiff's injuries from the date of the collision to the time of trial and in the future, beyond the time of trial;

b. Physical pain that Plaintiff suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;

c. Mental anguish that Plaintiff suffered from the date of the collision to the time of trial and in the future, beyond the time of trial;

d. Scarring and disfigurement suffered by Plaintiff from the date of the collision to the time of trial and in the future, beyond the time of trial;

e. Physical impairment suffered by Plaintiff from the date of the collision to the time of trial and in the future, beyond the time of trial;

f. Lost wages and loss of wage-earning capacity sustained by Plaintiff from the date of the collision to the time of trial and in the future, beyond the time of trial; and

g. Miscellaneous expenses and losses, including mileage, parking, rental cars, taxi fares and any other items of special need.

Plaintiff states that his total damages shall not exceed $200,000.00.

-4-

## VIII.

Additionally, Plaintiff would show that he timely and properly notified Defendant of the accident and of his claim under the Uninsured/Underinsured Motorist Coverage of the policy. All proofs of loss and other conditions precedent necessary to the maintenance of this lawsuit have been performed or have occurred. Nevertheless, Defendant has failed and refused, and still fails and refuses, to pay Plaintiff any benefits under this policy as it is contractually required to do. It is Defendant's handling of such claim for which Plaintiff now complains.

## IX.

### BREACH OF CONTRACT

At the time of the collision made the basis of this lawsuit, John N. Novak, Jr., was an "Uninsured/Underinsured driver" as those terms are defined by the Policy of Insurance issued to Plaintiff by Defendant. Fortunately, Plaintiff had obtained Uninsured/Underinsured Motorist Benefits coverage from the Defendant to cover him in this type of situation and had paid the premiums on the policy such that the insurance was in full force and effect at the time of this collision.

Defendant has breached their contract with Plaintiff when they wholly failed to provide the contractual benefits under the policy in a timely manner to Plaintiff. Plaintiff therefore seeks recovery for all damages he is entitled to recover under said contract. Furthermore, Plaintiff prays for reasonable and necessary attorney's fees for the preparation, trial and appeal of this cause in accordance with Texas Civil Practices and Remedies Code §38.001 and/or pursuant to any and all other applicable laws or statutes.

## X.

## NEGLIGENCE/GROSS NEGLIGENCE

Defendant owed Plaintiff the duty to act reasonably in evaluating, investigating and settling his claim. Defendant negligently breached such duty. Such negligence and/or gross negligence is a proximate cause of damages to Plaintiff.

## XI.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Defendant owes Plaintiff a duty of good faith and fair dealing. Defendant has breached this duty by denying and/or delaying payment of uninsured/underinsured motorist benefits due under the policy, without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff's claims prior to such denial/delay. Defendant's breach has been a producing and/or proximate cause of actual damages, injuries or harm to Plaintiff. Plaintiff seeks both actual and exemplary damages for this breach.

## XII.

## DECEPTIVE TRADE PRACTICES ACT

Defendant is guilty of false, misleading and/or deceptive acts and practices prohibited by DTPA §17.46(b). Specifically, Defendant has engaged in the following unfair deceptive acts or practices in the business of insurance, which was a producing cause of Plaintiff's injuries and damages as stated herein. They are as follows:

1. Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of their goods or services; (Texas Bus. & Com. Code §17.46(b)(2))

2. Representing that its goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person had a sponsorship, approval, status affiliation, or connection which he did not; (Texas Bus. & Com. Code §17.46(b)(6))

-6-

3. Representing that its goods or services were of a particular standard, quality, grade, style or model, when in fact, they were of another; (Texas Bus. & Com. Code §17.46(b)(7))

4. Advertising goods or services with intent not to sell them as advertised; (Texas Bus. & Com. Code §17.46(b)(9))

5. Representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve and/or are prohibited by law; (Texas Bus. & Com. Code §17.46(b)(12))

6. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction; (Texas Bus. & Com. Code §17.46(b)(14))

7. Representing that a guarantee or warranty conferred or involved rights or remedies which it did not have or involve; (Texas Bus. & Com. Code §17.46(b)(20))

8. Failing to disclose information concerning the Policy which was known to Defendant at the time of the transaction with the intent to induce the insured into a transaction they would not have entered had the information been disclosed; (Texas Bus. & Com. Code §17.46(b)(24))

9. Violations of an express and/or implied warranty: Defendant, by and through their agent, employee and/or representative, warranted that the Insurance Policy obligated them to pay benefits as a result of a car accident. Despite these warranties, Defendant has wholly failed to pay the benefits promised. The Plaintiff relied upon said express/implied warranties to his detriment; (Texas Bus. & Com. Code §17.50(a)(2))

10. Defendant, engaging in an unconscionable action or course of action that, to their insured's detriment, took advantage of his lack of knowledge, ability, experience, or capacity to a grossly unfair degree; (Texas Bus. & Com. Code §17.50(a)(3))

11. Defendant's use or employment of an act or practice in violation of Texas Insurance Code Chapter 541; (Texas Bus. & Com. Code §17.50(a)(4))

12. Defendant engaged in false, misleading, or deceptive acts and/or practices that their insured relied upon to his detriment and that violated a "tie-in" consumer statute; (Texas Bus. & Com. Code §17.50(h))

Furthermore, Plaintiff hereby alleges that all Defendant's actions in the solicitation of the policy, investigation of the claim, delay in payment of benefits under the policy and outright denial of some or all of the benefits to which he was justly entitled were committed knowingly and

-7-

Intentionally. As a result, Plaintiff is entitled to additional damages (a/k/a exemplary or punitive) of up to two times the actual damages awarded.

## XIII.

## INSURANCE CODE VIOLATIONS

Defendant is guilty of unfair insurance practices in violation of the Texas Insurance Code, and the statutes, board rules, regulations and rules incorporated by and/or referenced by provisions of the Code. These practices have been a producing and proximate cause of Plaintiff's damages. Specifically, Defendant has engaged in unfair or deceptive acts or practices in the business of insurance to include, but not limited to:

### Violations of Texas Insurance Code §541.060

a. Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue; (Tex. Ins. Code §541.060(a)(1))

b. Not attempting in good faith to bring about a prompt, fair and equitable settlement of a claim once the insurer's liability becomes reasonably clear; (Tex. Ins. Code §541.060(a)(2)(A))

c. Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; (Tex. Ins. Code §541.060(a)(3))

d. Not affirming or denying coverage of a claim to a policyholder within a reasonable time; (Tex. Ins. Code §541.060(a)(4)(A))

e. Refusing to pay a claim without conducting a reasonable investigation; (Tex. Ins. Code §541.060(a)(7))

### Violations of Texas Insurance Code §541.061

a. Making an untrue statement of material fact; (Tex. Ins. Code §541.061(1))

b. Leaving out a material fact, so that other statements are rendered misleading; (Tex.Ins. Code §541.061(2))

c. Making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact. (Tex.Ins. Code §541.061(3))

-8-

Defendant has engaged in the foregoing conduct with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, Defendant is deemed to have violated Chapter 541 "knowingly," as that term is used in Section 541.002(1) and 541.152(b). As a result, Defendant could be held responsible for up to three times the amount of actual damages proven. Should the issue not be resolved prior to the filing of a lawsuit, the beneficiary would seek such damages.

Plaintiff would further show that he has provided Defendant with all information necessary to evaluate his claims; however, Defendant has failed to promptly pay Plaintiff's claims, which is a violation of Article 21.55 of the Texas Ins. Code Ann. (Now renumbered and codified in Sec's 542.051 to 542.061 of the Texas Insurance Code). Defendant's failure to timely comply with the above statute has proximately caused damages and harm to Plaintiff. Plaintiff therefore seeks monetary damages, attorney's fees and all statutory penalties allowed by Chapter 542 of the Texas Ins. Code.

XIV.

### DECLARATORY JUDGMENT

Based on the foregoing facts and pursuant to the policy of insurance in full force and effect between Plaintiff and Defendant at the time of this incident, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Chp. 37, to determine the rights, responsibilities and obligations of the parties to the contract of insurance purchased by Plaintiff and issued by the Defendant. Specifically, Plaintiff seeks judgment from the Court acknowledging the rights, duties and obligations of the parties to the content of insurance issued by Defendant to the Plaintiff, that Plaintiff's claim fell within the coverage afforded him under the policy of insurance with the Defendant, that he is entitled to recover from Defendant the damages he sustained resulting from

the motor vehicle collision, and specifying the amount of damages, attorney's fees, interest and court costs that Defendant is obligated to pay under the policy as written by the Defendant and issued to the Plaintiff. All parties who have or may claim an interest affected by the declaration have been made a party to the lawsuit. Plaintiff would additionally move the Court and/or jury to award the reasonable and necessary attorney's fees under the declaratory judgment act made necessary by the enforcement of their rights under the uninsured/underinsured portion of the policy in question.

## XV.

## ADDITIONAL DAMAGES

As a result of Defendant's conduct in investigating, handling, delaying and denying benefits under the policy, Plaintiff has suffered damages and losses in the past and, in reasonable probability is expected to suffer damages and losses in the future. Plaintiff seeks compensation for the following elements of special damages, both past and future:

a) the full amount of all policy benefits wrongly withheld;

b) lost interest or appreciation on monies or assets used to satisfy costs or obligations which should have been paid under the policy or resulting from the failure to pay claims under the policy in a timely manner;

c) the cost of securing alternate funds to satisfy costs or obligations which should have been paid under the policy or resulting from the failure to pay claims under the policy in a timely manner;

d) actual damages, as set forth in Paragraph VII;

e) injury to credit and credit reputation;

f) reasonable and necessary attorneys fees as provided by law;

g) costs of court and the expenses of litigation;

h) pre-judgment and post-judgment interest;

-10-

i) all applicable statutory penalties; and

j) exemplary damages or, in the alternative, enhanced damages, all as set out above.

Plaintiff's actual damages meet the jurisdictional requirements of this Court.

## XVI.

## T.R.C.P. 193.7 NOTICE

Plaintiff hereby gives notice to all parties that he intends to use any and all documents that are produced by a party against that party in pretrial proceedings or at trial pursuant to Texas Rule of Civil Procedure 193.7 without the necessity of authenticating the documents.

## XVII.

## PLAINTIFF'S REQUEST FOR DISCLOSURE

In accordance with the provision of Rule 194 of the Texas Rules of Civil Procedure, Plaintiff propounds his Request for Disclosure to Defendant, and requests that information, documents or materials described in Rule 194.2 and Rule 194.4 as listed below, be produced within 60 days of service of this request:

a) The correct names of the parties to the lawsuit;

b) The name, address and telephone number of any potential parties;

c) The legal theories and, in general, the factual basis of the responding party's claims or defenses;

d) The amount and any method of calculating economic damages;

e) The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f) For any testifying expert:

1) Identity and location, including the name, address and telephone number of its expert witness,

-11-

2) the subject matter of the expert's testimony,

3) the expert's mental impressions and opinions, including facts known by the expert that relate to or form the basis of those mental impressions and opinions,

4) all documents, reports or compilations provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and

5) the expert's current resume and bibliography to include a list of all other cases in which he/she has testified as an expert, at trial or by deposition, within the last four years and the amount of money paid for each appearance. TRCP 194, 195.1, 192.3(e) (5) (6) (7).

g) Any indemnity and insuring agreements;

h) Any settlement agreements;

i) Any witness statements;

j) If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills that are reasonably related to the injuries or damages, or in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

k) If you are alleging physical or mental injury and damages from the occurrence that is the subject of this case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

l) The name, address and telephone number of any person who may be designated as a responsible third-party.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein that upon final recovery, Plaintiff has judgment of and from this Defendant, for all of his damages in an amount not to exceed $200,000.00, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate from date of judgment until paid, all costs of court, and for such other and further relief to which Plaintiff may be justly entitled, either at law or in equity.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

-12-

Respectfully submitted,

**BROCK & BROCK, P.C.**
803 East Mistletoe
San Antonio, Texas 78212
Telephone: (210) 733-6666
Telecopier: (210) 733-8893
burlb@brockandbrock.com

By: *W. Burl Brock*
W. BURL BROCK
State Bar No. 03042500

ATTORNEYS FOR PLAINTIFF

-13-

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2015)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457

Form ID: 160105300270021

Page 1 of 3

| Field | Value |
|---|---|
| Crash Date | 04/11/2015 |
| Crash Time | 1645 |
| Case ID | 15-04110349 |
| County Name | Bandera |
| City Name | Bandera |

**ROAD ON WHICH CRASH OCCURRED**
- 1 Rdwy Sys: LR
- 2 Rdwy Part: 1
- Block Num: 600
- Street Name: MAIN
- Street Suffix: ST
- Speed Limit: 30
- Street Desc: PAVED ASPHAULT

**INTERSECTING ROAD**
- 1 Rdwy Sys: LR
- 2 Rdwy Part: 1
- Block Num: 1200
- Street Name: PECAN
- Street Suffix: ST
- Street Desc: PAVED ASPHAULT

**Unit 1**
- VIN: 1FTFW1ET1DKD35957
- Veh Year: 2013
- Veh Color: GREEN
- Veh Make: FORD
- Veh Model: F-150
- Body Style: PK
- LP State: TX
- LP Num: DVW8U8
- DL State: TX
- DL Num: 07226513
- DL Class: CM
- DOB: 01/20/1965
- Driver: NOVAK, NORTON JOHN JR.
- Age: 62, Ethnicity: W
- Address: 502 3RD STREET BANDERA TX 78003
- Owner: NOVAK NORTON JOHN JR
- Fin Resp Name: GEICO
- Fin Resp Num: 49474893226
- Fin Resp Phone: 18008618980
- Vehicle Damage Rating 1: FC-0,1,2-1
- Towed By: QUALITY AUTOMOTIVE
- Towed To: 10915 State Highway 16 S, Pipe Creek, TX 78063 - (830)-510-6306

**Unit 2**
- VIN: 1C6RD6FT6CS236024
- Veh Year: 2012
- Veh Color: MAROON
- Veh Make: DODGE
- Veh Model: RAM 1500
- Body Style: PK
- LP State: TX
- LP Num: IRB581
- DL State: TX
- DL Num: 05944888
- DL Class: A
- DOB: 10/04/1948
- Driver: HENDRIX WILLIAM GLENN
- Age: 67, Ethnicity: W
- Address: 238 SETTLERS LANE BANDERA TX 78003
- Owner: HENDRIX WILLIAM GLENN 238 SETTLERS LANE BANDERA TX 78003
- Fin Resp Name: CAMINO REAL
- Fin Resp Num: 392273873-0
- Fin Resp Phone: 18004224272
- Vehicle Damage Rating 1: BC-008-1
- Towed By: N/A
- Towed To: N/A

830-796-0E8

1601053002700021

Page 2 of 2

Law Enforcement and TxDOT Use ONLY
Form CR-3 (Rev 1/1/2015)

Case ID: 15-04110349

## CHARGES

| Unit Num. | Pers Num. | Charge | Citation/Reference Num |
|---|---|---|---|
| 1 | 1 | DWI 3RD OR MORE | 1504110349 |

## FACTORS & CONDITIONS

| | USKA | Contributing | May Have Contrib | Contributing | May Have Contrib | 38 Weather Cond | 39 Light Cond | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 22 | 67 | 68 | | 67 | 68 | | | | | |
| | | | | | | 20 | 1 | 1 | 97 | 1 | 1 | 5 |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

WHILE TRAVELING SOUTH ON MAIN STREET APPROACHING PECAN, UNIT 1 FAILED TO RECOGNIZE THAT TRAFFIC WAS STOPPED AT THE TRAFFIC LIGHT STRIKING UNIT 2 FROM BEHIND UNIT 2 WAS STOPPED FOR THE TRAFFIC LIGHT. THE DRIVER OF UNIT 1 WAS SUBSEQUENTLY ARRESTED FOR DRIVING WHILE INTOXICATED 3RD OR MORE OFFENSE

## INVESTIGATOR

Time Notified: 1 6 4 5   How Notified: ON SIGHT   Time Arrived: 1 6 4 5   Report Date: 04/11/2015
Investigator Name (Printed): R CRADY   ID Num: 704
ORI Num: 0 1 0 0 7 0 0   Agency: BANDERA MARSHALS OFFICE   Service/Region: DA

# Fax Cover Sheet

To:      Amy C. Welborn

Fax:     512-687-6990

Pages:   18 (includes this page)

From:    Russ Davis @ MetLife
         Ph: 800-854-6011 x 5515
         Fax: 866-947-4272

Date:    12/07/16

My Claim #: DAE37945

RE: William G. Hendrix vs. Metropolitan Lloyds Insurance Company Of Texas

ACTION: Metropolitan was served 12/01/16. Kindly file a timely Answer on behalf of Metropolitan. Kindly seek removal from State District Court to USDC. Also, move to sever and/or abate the Bad Faith and/or Extra Contractual allegations.